chap. 51, sect 20, 25, R. S. chap. 105, sect. 39, *Kempton* v. *Swift*, 2 Metcalf, 70, to show that the first administrator had no authority to sell the reversion, under her license, and that there was no limitation to the power of the Judge of Probate to grant administration *de bonis non.*

TENNEY, J., orally. — The decree of the Judge of Probate must be reversed.

---

KENNEBEC, 1851. — HINDS *versus* CALEB STEVENS & *als.*
HINDS *versus* CALEB STEVENS & *al.*

ON REPORT from the District Court, RICE, J.

Debt upon relief bonds, given to procure the debtors' discharge from arrest on execution. The appropriate record shows that the plaintiff at the term of the District Court, held on the *first Tuesday of August*, 1848, *being the first day of said month*, recovered a judgment against said C. and G. W. Stevens, jointly.

The execution recites that the judgment was recovered at a Court holden on the first Tuesday of August, 1848, and requires the officer to collect interest on the amount from the 16th day of August, 1848, being the time of the rendition of the judgment. The defendants were arrested on the execution and gave the several bonds now in suit. The bonds each recite that judgment was " obtained" on the first Tuesday of August, 1848. The case was submitted for decision upon a stipulation that, if considered by the Court, that the evidence shows the existence of such a judgment as is recited in the bonds, the defendants are to be defaulted.

Per TENNEY, J. — A default must be entered.

*North*, for the plaintiff.

*Whitmore*, for the defendants.

---

SOMERSET, 1851. — WOOD *versus* ESTES & *trustees.*

THIS is an appeal, between the principal parties, taken from the District Court.

SHEPLEY, C. J. — The appeal brings up the disclosures for adjudication here.

Stewart moves that the case be dismissed, for the alleged reason, that the sureties in the appeal-recognizance are insufficient.

The recognizance was taken before a justice of the peace, under